IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLIFFORD MARTIN,                                Civ. No. 05-6321-HO

        Plaintiff,                          ORDER

   v.

Commissioner of Social Security,

        Defendant.

Plaintiff filed a petition for an award of attorney fees and supporting papers documenting attorney time and costs expended. The Commissioner has no objection to the petition, but requests without explanation that $125 in costs be paid as expenses under the Equal Access to Justice Act, and the balance of costs be paid under 28 U.S.C. § 1920.

## Discussion

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of [Title 28, United States Code], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought . . . against . . . any official of the United States acting

>in his or her official capacity . . .

28 U.S.C. § 2412(b).

>Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "[F]ees and other expenses" include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner does not contend or demonstrate that his position is substantially justified, or that special circumstances make an award unjust. Plaintiff's filings establish that the requested attorney fees, justifiably adjusted upward for the increased cost of living, are reasonable. The filing fee, fees of the process server and photocopying costs are taxable as enumerated expenses. <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 178 (9th Cir. 1990); 28 U.S.C. §§ 1920, 2412(a). The court has no information from which to assess the reasonableness or necessity of the $100 <u>pro hac vice</u> application fee in this case. That portion of costs is disallowed.

## Conclusion

Based on the foregoing, plaintiff's petition for attorney fees [#28] is granted to the extent that plaintiff is awarded

2 - ORDER

reasonable attorney fees in the amount of $5,927.64, and costs in the amount of $281.60.

    IT IS SO ORDERED.

    DATED this __18th__ day of April, 2007.


                                   ___s/ Michael R. Hogan___
                                     United States District Judge